**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Yvette Digan, Lordever Digan, and Grace Digan, <br><br>     Plaintiffs, <br><br>     v. <br><br> MGP Ingredients, Inc., Massachusetts Fine Wines & Spirits, LLC d/b/a Total Wine & More, Ryan Addeche, Trevor Bowen, Julian Tague, James Gikas, Andrew Mitchell, Theo Sawyers, Richard Hughes, Philip Clay, Christine Ziev, Worcester Polytechnic Institute, The Fraternity of Phi Gamma Delta, Inc., Pi Iota Chapter of Phi Gamma Delta, Incorporated, Zeta Psi Fraternity, Inc., Pi Tau Elders, Inc., Luxco, Inc., Henry Pharris, and John Does 1-30, <br><br>     Defendants. | Civil Action No. 4:26-cv-40099-MRG |

## MEMORANDUM OF LAW IN SUPPORT OF LUXCO, INC.'S MOTION TO DISMISS

Defendant  Luxco, Inc., ("Luxco") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the claim asserted against it for failure to state claim for which relief can be granted.

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   FACTUAL BACKGROUND ..............................................................................1

III.  LEGAL STANDARD...........................................................................................4

IV.   ARGUMENT

    A.  The Complaint Should be Dismissed as Duplicative of Pending
       Related Litigation.......................................................................................4

       1.  This action is duplicative of the earlier-filed federal cases......................5

       2.  Plaintiff had multiple opportunities to amend her Complaints but
          instead chose to forum shop......................................................................6

    B.  Lordever and Grace Digan's Loss of Consortium Claim Against Luxco
       Fails as a Matter of Law...............................................................................7

       1.  To survive a motion to dismiss, a loss of consortium claim requires
          that the primary plaintiff has a viable underlying claim ..........................8

       2.  In the new Complaint, primary Plaintiff Yvette Digan asserts no
          claim against Luxco .................................................................................8

V.    CONCLUSION.....................................................................................................9

## TABLE OF AUTHORITIES

**Cases**

*Allied Int'l, Inc. v. Int'l Longshoremen's Ass'n*,
    814 F.2d 32 (1st Cir. 1987)...................................................................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................................4

*Chambers v. Nasco*,
    501 U.S. 32 (1991).............................................................................................................4

*Cherelli v. InStore Grp., LLC*,
    513 F. Supp. 3d 187 (D. Mass. 2021) .......................................................................4, 5, 6, 7

*Cimini v. Massachusetts*,
    No. 11-10211-GAO, 2011 WL 2119192 (D. Mass. May 25, 2011)........................................6

*Cong. Credit Corp. v. AJC Int'l, Inc.*,
    42 F.3d 686 (1st Cir. 1994)...............................................................................................5

*Elliott-Lewis v. Abbott Labs.*,
    378 F. Supp. 3d 67 (D. Mass. 2019) ...................................................................................5

*Gagliardi v. Sullivan*,
    513 F.3d 301 (1st Cir. 2008)..............................................................................................4

*Kaira v. Moniz*,
    No. 17-11762-LTS, 2017 U.S. Dist. LEXIS 170392 (D. Mass. Oct. 16, 2017) ......................6

*Kinuthia v. Carr*,
    No. 18-CV-12255-DLC, 2019 WL 12070288 (D. Mass. July 8, 2019) ..............................4, 6

*Mass. Mut. Life Ins. Co. v. Residential Funding Co.*,
    843 F. Supp. 2d 191 (D. Mass. 2012) .................................................................................8

*Pendley v. Komori Printing Mach. Co.*,
    No. CIV. A. 89-0420P, 1990 WL 17152 (D.R.I. Feb. 8, 1990) ..............................................7

*Sena v. Commonwealth*,
    417 Mass. 250 (Mass. 1994)..............................................................................................8

*Short v. Town of Burlington*,
    11 Mass. App. Ct. 909 (1981)............................................................................................8

*Standard Fire Ins. Co. v. Crosby Yacht Yard, Inc.*,
    No. CIV.A. 04-12244GAO, 2007 WL 465152 (D. Mass. Feb. 8, 2007)..................................7

*Sutcliffe Storage & Warehouse Co. v. United States*,
    162 F.2d 849 (1st Cir. 1947) ................................................................................................6

*Tauriac v. Polaroid Corp.*,
    716 F. Supp. 672 (D. Mass. 1989) .......................................................................................8

*Valdebenito v. PNC Mortg. Co.*,
    No. MICV201203789F, 2012 WL 5568039 (Mass. Super. Nov. 4, 2012) ..............................7

*Young v. Lepone*,
    305 F.3d 1 (1st Cir. 2002) ................................................................................................6, 7

**Other Authorities**

Fed. R. Civ. P. 15 ....................................................................................................................6, 7

## I.    INTRODUCTION

This action is Plaintiff Yvette Digan's third lawsuit arising from the same May 13, 2025 incident at WPI. This Court already has invested substantial time and resources in two prior actions, including conducting multiple status conferences and hearing Luxco's pending motion to dismiss. Rather than following the orderly amendment process this Court implemented in those prior actions, Plaintiff Yvette Digan sought to forum shop and filed yet another matter in state court, just down the street from this courthouse.

After originally choosing to pursue her claims in federal court, Plaintiff Yvette Digan filed a state court complaint, voluntarily dismissed it after it was removed, and then refiled this substantially similar complaint in state court two months later. While doing so, she skipped two opportunities granted by this Court to amend her existing federal court Complaint, which was originally filed on July 13, 2025. This is wasteful gamesmanship.

Notably, this latest state court Complaint, which was removed to this Court on April 1, 2026, does not assert any direct claims against Luxco other than in Count Twenty-Three, a derivative loss of consortium claim brought by Plaintiff Yvette Digan's parents. Count Twenty-Three states that it incorporates the first 197 paragraphs of the 199 paragraphs of the Complaint. Because this action is duplicative of pending litigation and because the sole claim against Luxco fails as a matter of law, Luxco should be dismissed from this action.[1]

## II.    FACTUAL BACKGROUND

On May 22, 2025, Plaintiff Yvette Digan filed in this Court her first lawsuit arising from a May 13, 2025, incident at Worcester Polytechnic Institute ("WPI"), naming Henry Pharris, Pi Tau

---

[1] Luxco incorporates by reference Luxco's Motion to Dismiss in *Digan v. Luxco* and supporting briefing [C.A. No. 4:25-cv-40091-MRG, ECF Nos. 9-10, 28, and 63] and Luxco's Motion to Dismiss and supporting briefing in the related *Lopes v. Pharris* action [C.A. No. 4:25-CV-40082-MRG, ECF Nos. 67-68].

1

Elders, Inc., Zeta Psi Fraternity, Inc., and WPI as defendants. *See Digan v. Pharris et al.*, C.A. No. 4:25-CV-11148-MRG, ECF No. 1. Two months later, she filed in this Court a second lawsuit against Luxco asserting negligence, breach of warranty, and ch. 93A claims, and seeking injunctive relief to prohibit the sale of Everclear in Massachusetts. *See Digan v. Luxco, Inc.*, C.A. No. 4:25-CV-40091-MRG, ECF No. 5.

In *Digan v. Luxco*, Luxco moved to dismiss Plaintiff Yvette Digan's Amended Complaint in part on September 4, 2025, arguing that she lacks standing to pursue injunctive relief and her ch. 93A claim fails as a matter of law. *See* 4:25-CV-40091-MRG ECF No. 10. Oral argument was held on December 22, 2025, and the Motion remains pending.

At a consolidated status conference for each of the pending matters held on January 5, 2026, counsel for Timothy Lopes represented to the Court that Lopes would seek amendments to add additional parties to the existing actions, and the Court ordered amended pleadings be filed by the end of January 2026. *See* C.A. No. 4:25-CV-40091-MRG, ECF No. 54; C.A. No. 4:25-CV-11148-MRG, ECF No. 72; *Lopes v. Pharris*, C.A. No. 4:25-cv-40082-MRG, ECF No. 51; Ex. 1, transcript from January 5, 2026 Status Conference, at page 6, lines 14-20, page 12, lines 19-20. Plaintiff Yvette Digan's counsel remained silent regarding amendments. *See id.*

Instead of amending her federal complaints, however, Plaintiff Yvette Digan filed a collateral action in Worcester County Superior Court on January 16, 2026, adding her parents, Lordever Digan and Grace Digan, as plaintiffs and naming MGP (Luxco's parent company), Luxco, WPI, various fraternities, and Total Wine as defendants. *See Digan v. MGP Ingredients, Inc. et al*, 4:26-cv-40009-MRG ECF, No. 1-1. The claims against MGP were substantially similar to those against Luxco in the pending federal action, but notably omitted the request for injunctive

relief and allegations regarding Luxco's purported violation of the Federal Hazardous Substances Act, which are the claims challenged in Luxco's pending motion to dismiss.

Luxco and MGP removed that action on January 20, 2026. *See* 4:26-cv-40009-MRG, ECF No. 1. Days later, Plaintiff voluntarily dismissed it. *See* 4:26-cv-40009-MRG, ECF No. 9. The docket was terminated on February 19, 2026.

At a February 24, 2026 consolidated status conference—after the first amendment deadline—the Court sought to determine whether the Plaintiffs intended to seek to amend their complaints. During that status conference, the Court noted it had previously expected amendments to the complaints by the end of January. *See* Ex. 2, transcript from February 24, 2026 Status Conference, at page 7, lines 5-12. In response, Ms. Digan's counsel represented to this Court that "[w]e're still lacking some critical information that we need in order to be able to amend the complaints," *id*. at 8:2-3,[2] and "[a]s of right now, my instruction are that we're not looking to amend the complaint immediately," *id*. at 8:9-11. Accordingly, the Court set a second deadline of March 13, 2026. *Id.* at 12:18-21.[3] Again, Plaintiff chose not amend her federal pleadings. Instead, on March 31, 2026, Plaintiff filed yet another substantially similar complaint in Worcester County Superior Court, naming nearly identical defendants and claims as those pending in the federal litigation. *See Digan v. MGP Ingredients, Inc. et al*, 4:26-cv-40099-MRG, ECF 1-1. Luxco and MGP again removed the action, and again it was assigned to Judge Guzman.

---

[2] Notably, all but one of the defendants named in the January 16, 2026 and the March 31, 2026 state court Complaints were listed in Plaintiff's initial disclosures served in the *Digan v. Pharris* action on January 20, 2026, among other individuals and entities, suggesting Plaintiff somehow had enough information to sue those entities in state court but not in this Court. *See* Ex. 3.

[3] *See* 4:25-cv-40091-MRG, ECF No. 58 ("Electronic Clerk's Notes for proceedings held before District Judge Margaret R. Guzman: Status Conference held on 2/24/2026. Case is called. Counsel appear by video for status conference. Court and counsel discuss filing amended pleadings and setting a schedule. Plaintiffs have until 3/13/2026 to amend their filings.")

## III.   LEGAL STANDARD

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

## IV.   ARGUMENT

### A.   The Complaint Should Be Dismissed as Duplicative of Pending Related Litigation.

This Court has inherent authority to manage its docket and dismiss duplicative litigation. *See Chambers v. Nasco*, 501 U.S. 32, 46-50 (1991) (a district court's "inherent power extends to a full range of litigation abuses"); *Kinuthia v. Carr*, No. 18-CV-12255-DLC, 2019 WL 12070288, at \*1 (D. Mass. July 8, 2019) (dismissing duplicative action where plaintiff filed multiple suits arising from the same incident against substantially the same parties). This Court should exercise that power here. Courts must "'carefully insure'" that they do not provide a plaintiff "the unfair opportunity to 'use the tactic of filing two substantially identical complaints to expand the procedural rights [she] would have otherwise enjoyed.'" *Cherelli v. InStore Grp., LLC*, 513 F. Supp. 3d 187, 193 (D. Mass. 2021) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)).

"A plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Cherelli*, 513 F. Supp. 3d at 192. As such, a Court may dismiss a "later filed lawsuit that is duplicative of another action

4

pending in federal court." *Id.* at 193. "This principle is particularly salient where the two actions are pending before the same judge." *Id.* Dismissal of a complaint as duplicative is warranted "for that reason alone" when the later action is "materially on all fours with the other." *Cong. Credit Corp. v. AJC Int'l, Inc.*, 42 F.3d 686, 689 (1st Cir. 1994). Phrased another way, "[a] second lawsuit is impermissibly duplicative where it would be precluded by a final judgment in the first lawsuit." *Elliott-Lewis v. Abbott Labs.*, 378 F. Supp. 3d 67, 70 (D. Mass. 2019). *See*, *e.g.*, *Cherelli,* 513 F. Supp. 3d at 190, 194 (following removal, dismissing duplicative second action that plaintiff brought in state court where plaintiff was "engaged in a benighted forum shopping initiative").

### 1.    <u>This action is duplicative of the earlier-filed federal cases</u>.

Plaintiff Yvette Digan now has three pending lawsuits involving the same May 13, 2025 incident. The differences are cosmetic: the new complaint adds Plaintiff Yvette Digan's parents, whose claims are entirely derivative of her own claims, and a few defendants, most of whom are already parties to the existing federal actions. The core allegations and claims have not changed since July 2025. Plaintiff seeks to simply repackage against MGP the same negligence, breach of warranty, and ch. 93A claims Plaintiff already asserted against Luxco in *Digan v. Luxco*. The only material difference is that MGP's name has been substituted for Luxco's. This appears to be a calculated attempt to hedge against an adverse ruling on Luxco's pending motion to dismiss and to evade dismissal of the second action as duplicative. If the Court grants Luxco's motion, Plaintiff is positioning identical theories against MGP in a separate proceeding.[4] The Court should not condone this gamesmanship.

---

[4] As discussed in MGP's Motion to Dismiss filed contemporaneously herewith, Luxco is a wholly-owned subsidiary of MGP, which is a holding company and does not design, manufacture, market, distribute, or sell Everclear. *See* Ex. 1 to MGP's Memorandum of Law in Support of its Motion to Dismiss, Declaration of Suzanne Freiling ¶¶ 3, 17.

This Court routinely dismisses such duplicative actions. *See Cimini v. Massachusetts*, No. 11-10211-GAO, 2011 WL 2119192, at \*3, 6 (D. Mass. May 25, 2011) (dismissing plaintiff's third lawsuit as "an attempt to circumvent the dismissal of the[] prior federal action"); *Kaira v. Moniz*, No. 17-11762-LTS, 2017 U.S. Dist. LEXIS 170392, at \*1-2 (D. Mass. Oct. 16, 2017) ("As a matter of judicial economy and the district court's inherent authority to manage its own docket, this Court finds no basis for permitting this duplicative action to proceed").

This Court has already invested substantial resources in Plaintiff's two prior lawsuits, including reviewing motions, conducting oral argument, and holding multiple status conferences. Dismissing this duplicative action will preserve judicial economy and discourage forum shopping. *See Kinuthia*, 2019 WL 12070288, at \*1 ("it would be a waste of judicial resources to proceed with this identical action"). Ultimately, the concerns to be balanced are "[w]ise judicial administration, . . . conservation of judicial resources and comprehensive disposition of litigation." *Cherelli*, 513 F. Supp. 3d at 193 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). As the First Circuit has long recognized, "[t]here is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket." *Id.* (quoting *Sutcliffe Storage & Warehouse Co. v. United States*, 162 F.2d 849, 851 (1st Cir. 1947)).

        2.        **<u>Plaintiff had multiple opportunities to amend her Complaints but instead chose to forum shop</u>**.

Plaintiff had a clear procedural avenue to add parties (including her parents): Fed. R. Civ. P. 15. At status conferences on January 5 and February 24, 2026, the Court specifically discussed permitting amendments to add parties and set deadlines for amended pleadings. Ex. 1 at 6-9; Ex. 2 at 7-9. *See* Such amendments are routinely granted in the early stages of litigation.[5]

---

[5] Fed. R. Civ. P. 15 does not bar the addition of new plaintiffs whose claims are derivative of an original plaintiff's claims. *See Young v. Lepone*, 305 F.3d 1, 14 (1st Cir. 2002). Although the literal text of the rule addresses only the addition of new defendants, the First Circuit has recognized that the Rule is at least theoretically applicable to

This is simply forum shopping in an attempt to evade litigating before this Court and hedging against an adverse ruling in pending dispositive motions. *See Valdebenito v. PNC Mortg. Co.*, No. MICV201203789F, 2012 WL 5568039, at \*1 (Mass. Super. Nov. 4, 2012) ("Filing a second lawsuit in another court evidences judicial forum-shopping"). Indeed, in *Cherelli*, the court found that plaintiff's duplicative state court filing was "transparent" and a "benighted forum shopping initiative" where the second action was "offered up as a hostage to fortune" in the "hope" of evading the earlier-filed federal proceeding. 513 F. Supp. 3d at 190. So too here. The Court should require Plaintiff to litigate the claims she originally chose to file in this Court in *Digan v. Luxco* nearly a year ago.[6]

### B.    Lordever and Grace Digan's Loss of Consortium Claim Against Luxco Fails as a Matter of Law.

The new Complaint contains a loss of consortium claim against Luxco in Count Twenty-Three. This claim alleges that Luxco and the other co-defendants who are existing parties to *Digan v. Luxco* and *Digan v. Pharris* are liable to Lordever and Grace Digan based on the allegations in the other lawsuits pending in this Court. Compl. ¶¶ 198-205. Notably, the loss of consortium claim is the sole cause of action against Luxco in the new Complaint, which does not allege any tort claims against Luxco.

---

amendments that "change the identity of plaintiffs." *Id.* (citing *Allied Int'l, Inc. v. Int'l Longshoremen's Ass'n*, 814 F.2d 32, 35 (1st Cir. 1987)); *see also* Fed. R. Civ. P. advisory committee note (1966) (emphasizing that Rule 15(c)(3) "extends by analogy to amendments changing plaintiffs"). *See also Standard Fire Ins. Co. v. Crosby Yacht Yard, Inc.*, No. CIV.A. 04-12244GAO, 2007 WL 465152, at \*2 (D. Mass. Feb. 8, 2007) (allowing amendment of complaint to add additional plaintiff who was an additional insured and allegedly incurred damages as a result of the incident alleged in the plaintiff's original complaint); *Pendley v. Komori Printing Mach. Co.*, No. CIV. A. 89-0420P, 1990 WL 17152, at \*5 (D.R.I. Feb. 8, 1990) (allowing amendment of complaint pursuant to Rule 15 to add derivative loss of consortium claims by plaintiff's wife and children). Plaintiff's parents should be precluded from now bringing a loss of consortium claim in a new lawsuit where they had ample opportunity to pursue such a claim in the existing litigation and Rule 15 would have permitted their addition into the existing litigation.

[6] To be clear, Luxco opposes amendment of the pleadings in *Digan v. Luxco* at this juncture after Plaintiff twice waived amendment opportunities made available to her. In particular, the Court should preclude Plaintiff from amending her pleadings in her other lawsuits to add claims against any of the parties identified in her January 20, 2026 initial disclosures. *See* Ex. 3.

1.     **To survive a motion to dismiss, a loss of consortium claim requires that the primary plaintiff has a viable underlying claim**.

To state a prima facie claim for loss of consortium on the basis of Yvette Digan's injuries, Lordever and Grace Digan must establish that Yvette Digan has viable claims against Luxco. *See Tauriac v. Polaroid Corp.*, 716 F. Supp. 672, 673-74 (D. Mass. 1989); *Sena v. Commonwealth*, 417 Mass. 250, 264-65 (1994). The law is clear that a loss of consortium claim depends on an underlying claim resulting in injury to the primary plaintiff. *See Short v. Town of Burlington*, 11 Mass. App. Ct. 909, 910 (1981) (rejecting a wife's loss of consortium claim because it was "entirely derivative and has no existence apart from" her husband's failed personal injury claim).

2.     **In the new Complaint, primary Plaintiff Yvette Digan asserts no claim against Luxco.**

The loss of consortium claim against Luxco fails as a matter of law because Yvette Digan, who is the primary Plaintiff in this action, does not assert any claim against Luxco within the four corners of  the new Complaint. *See Mass. Mut. Life Ins. Co. v. Residential Funding Co.*, 843 F. Supp. 2d 191, 214 n.15 (D. Mass. 2012) ("[A]llegations in pleadings in another action, even if between the same parties, cannot be incorporated by reference" (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1326 (3d ed. 2011))). Accordingly, Yvette Digan's parents do not have a viable loss of consortium claim in this action against Luxco if she does not have a viable underlying claim against Luxco. *See Sena*, 417 Mass. at 264 ("As a general rule, a claim for loss of consortium requires proof of a tortious act that caused the [primary claimant's] personal injury"). Therefore, Luxco should not remain a party to this action because of a doomed derivative claim.

## V.    **CONCLUSION**

This lawsuit is an improper attempt to circumvent pending litigation, avoid unfavorable rulings, and forum shop away from the Court and Judge who have presided over the related litigation since May 2025. Plaintiff Yvette Digan had every opportunity to amend her pending federal complaints to add parties and refine her claims. Instead, she chose to file a duplicative lawsuit in state court, voluntarily dismiss it, and then file another one. Moreover, the sole claim against Luxco in this action—a derivative loss of consortium claim—fails as a matter of law because the Complaint does not assert any underlying claim against Luxco. For these reasons, Luxco respectfully requests that this Court dismiss all claims against it.

Date:  April 21, 2026

Respectfully submitted,

By: */s/ Chad W. Higgins*

Chad W. Higgins, BBO No. 668924
Samantha Peters, BBO No. 705783
Joseph E. Long, BBO No. 713886
DENTONS BINGHAM GREENEBAUM LLP
One City Center, Suite 11100
Portland, Maine  04101
(207) 810-4955
chad.higgins@dentons.com
samantha.peters@dentons.com
joseph.long@dentons.com

Carl J. Pesce (*pro hac vice* request forthcoming)[7]
Benjamin S. Harner (*pro hac vice* request forthcoming)
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri  63101
(314) 552-6000
cpesce@thompsoncoburn.com

---

[7] Attorneys Pesce and Harner are admitted *pro hac vice* in the related actions *Digan v. Luxco, Inc.*, C.A. No. 4:25-CV-40091-MRG and *Digan v. Pharris et al.*, C.A. No. 4:25-CV-11148-MRG.

9

bharner@thompsoncoburn.com

*Counsel for Defendants Luxco, Inc. and MGP Ingredients, Inc.*

## CERTIFICATE OF SERVICE

I, Chad W. Higgins, hereby certify that this document filed through the ECF system on April 21, 2026 will be served upon all parties of record registered for ECF filing and via First Class Mail on all other parties.

| | |
|---|---|
| David W. Heinlein<br>Heinlein Beeler Mingace & Heineman P.C.<br>276 Union Ave<br>Framingham, MA 01702<br>(508) 626-8500<br>dheinlein@hbmhlaw.com<br><br>*Counsel for Plaintiffs; Counsel for Plaintiff Yvette Yuri Lanuza Digan in Digan v. Luxco, Inc., C.A. No. 4:25-CV-40091-MRG and Digan v. Pharris et al., C.A. No. 4:25-CV-11148-MRG* | Jeremia A. Pollard<br>Hannon Lerner P.C.<br>84 Main Street<br>Lee, MA 01238<br>(413) 243-3311<br>jpollard.hannonlerner@gmail.com<br><br>*Counsel for Plaintiff Yvette Yuri Lanuza Digan in Digan v. Luxco, Inc., C.A. No. 4:25-CV-40091-MRG and Digan v. Pharris et al., C.A. No. 4:25-CV-11148-MRG* |
| William F. Burke<br>Jeffrey T. Rotella<br>Prince Lobel Tye LLP<br>One International Place, Suite 3700<br>Boston, MA 02110<br>617-456-8000<br>wburke@princelobel.com<br>jrotella@princelobel.com<br><br>*Counsel for Defendants Pi Tau Elders, Inc. and Zeta Psi Fraternity, Inc. in Digan v. Pharris et al., C.A. No. 4:25-CV-11148-MRG* | Daniel J. Cloherty<br>Victoria L. Steinberg<br>Kristine C. Oren<br>CLOHERTY & STEINBERG LLP<br>One Financial Center, Suite 1120<br>Boston, MA 02111<br>Telephone: (617) 481-0160<br>dcloherty@clohertysteinberg.com<br>vsteinberg@clohertysteinberg.com<br>koren@clohertysteinberg.com<br><br>*Counsel for Defendant Worcester Polytechnic Institute in Digan v. Pharris et al., C.A. No. 4:25-CV-11148-MRG* |
| Robin A. Maher<br>Segalini, Neville & Maher LLC<br>465 Waverly Oaks Road<br>Waltham, MA 02452<br>(781) 891-0404<br>robin@sandn.com | Glenda H. Ganem<br>McGovern & Ganem, P.C.<br>21 Merchants Row, 4th Floor<br>Boston, MA 02109<br>(617) 723-1444<br>gganem@mhg-pc.com |

10

| | |
|---|---|
| *Counsel for Third-Party Defendant James Gikas in Digan v. Pharris et al., C.A. No. 4:25-CV-11148-MRG* | *Counsel for Third-Party Defendant Andrew Mitchell in Digan v. Pharris et al., C.A. No. 4:25-CV-11148-MRG* |
| Massachusetts Fine Wines & Spirits, LLC d/b/a Total Wine & More CT Corporation System 155 Federal Street, Suite 700 Boston, MA  02110<br><br>*Registered Agent for Massachusetts Fine Wines & Spirits, LLC* | Richard Hughes, Secretary Phi Gamma Delta Worcester Polytechnic Institute 100 Institute Road Worcester, MA  01609-2280 |
| Philip Clay, Senior VP for Student Affairs Worcester Polytechnic Institute 100 Institute Road Worcester, MA  01609-2280 | Christine Ziev, Director, Student Activities Worcester Polytechnic Institute 100 Institute Road Worcester, MA  01609-2280 |
| The Fraternity of Phi Gamma Delta, Inc. Cogency Global, Inc. 150 W. Market Street, Suite 400 Indianapolis, IN 46204<br><br>*Registered Agent for The Fraternity of Phi Gamma Delta, Inc.* | Pi Iota Chapter of Phi Gamma Delta, Incorporated Drew Digeser, Registered Agent 99 Salisbury Street Worcester, MA  01609<br><br>*Registered Agent for Pi Iota Chapter of Phi Gamma Delta, Incorporated* |
| Zeta Psi Fraternity, Inc. The Corporation 15 South Henry Street Pearl River, NY 10965<br><br>Zeta Psi Fraternity of North America, Inc. 11 W. 42nd Street New York, NY 10036<br><br>*Registered Agents for Zeta Psi Fraternity, Inc.* | Mark C. Darling Fuller, Rosenberg, Almer & Beliveau 6 Park Avenue Worcester, MA 01605 (508) 756-6509 MDarling@frpb.com<br><br>Debbie Lorusso Makris Poulin Hurley Makris & Lyons P.A. 1838 Elm Street Manchester, NH 03104 (603) 634-4300 dmakris@phml.law<br><br>*Counsel for Defendant Henry Pharris in Digan v. Pharris et al., C.A. No. 4:25-CV-11148-MRG* |
| Pi Tau Elders, Inc. Attn: Christopher Gallagher 246 Mechanic Street | Henry Pharris Worcester Polytechnic Institute 100 Institute Road |

11

| | |
|---|---|
| Foxboro, MA 02035<br><br>*Registered Agent for Pi Tau Elders, Inc.* | Worcester, MA 01609 |
| Worcester Polytechnic Institute<br>Attn: General Counsel<br>100 Institute Road<br>Worcester, MA 01609 | James Gikas<br>Worcester Polytechnic Institute<br>100 Institute Road<br>Worcester, MA 01609 |
| Andrew Mitchell<br>Worcester Polytechnic Institute<br>100 Institute Road<br>Worcester, MA 01609 | Ryan Addeche<br>Worcester Polytechnic Institute<br>100 Institute Road<br>Worcester, MA 01609 |
| Trevor Bowen<br>Worcester Polytechnic Institute<br>100 Institute Road<br>Worcester, MA 01609 | Theo Sawyers<br>Worcester Polytechnic Institute<br>100 Institute Road<br>Worcester, MA 01609 |