UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 4:26-cv-40099

| |
|---|
| YVETTE DIGAN, LORDEVER DIGAN & GRACE DIGAN,<br>　　　　　Plaintiffs<br><br>v.<br><br>MGP INGREDIENTS, INC., MASSACHUSETTS FINE WINES & SPIRITS, LLC d/b/a TOTAL WINE & MORE, RYAN ADDECHE, TREVOR BOWEN, JULIAN TAGUE, JAMES GIKAS, ANDREW MITCHELL, THEO SAWYERS, RICHARD HUGHES, PHILIP CLAY, CHRISTINE ZIEV, WORCESTER POLYTECHNIC INSTITUTE, THE FRATERNITY OF PHI GAMMA DELTA, INC, PI IOTA CHAPTER OF PHI GAMMA DELTA, INCORPORATED, ZETA PSI FRATERNITY, INC., PI TAU ELDERS, INC., LUXCO, INC., HENRY PHARRIS and JOHN DOES 1-30,<br>　　　　　Defendants |

**PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

Now come the Plaintiffs, Yvette Digan, Lordever Digan, and Grace Digan, pursuant to 28

U.S.C.A § 1447 and move this Honorable Court to remand the case to state court, the Worcester

County Superior Court.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 13, 2025, Yvette Digan was an invited guest at a fraternity gathering in

Worcester, MA.  During the social event, a flammable alcohol, Everclear, was used to ignite a

tree stump during a game.  One of the fraternity members then tried to add more of the alcohol

1

onto the existing fire.  When the vapors from the alcohol met the flame, an explosion occurred, igniting Yvette Digan's clothing.  As a result of the fire, Ms. Digan has suffered life-altering burns and continues to undergo revision surgeries as of this time.

In July 2025, the Plaintiff commenced two civil actions in this court seeking tort remedies for her harms and losses.  Those cases are pending in this court under Civil Action Nos. 4:25-cv-40091 and 4:25-cv-11448.  Luxco, Inc. was the manufacturer and distributor of the 190-proof alcohol, labeled Everclear, used in the underlying incident.  Luxco, Inc. is the only defendant in C.A. No. 4:25-cv-40091 and Luxco is now a third-party defendant in the other pending action referenced above.

In the case with Luxco as a direct defendant, counsel for Luxco has filed a motion to dismiss, a motion for a case management order and most recently a motion for protective order (while the case is stayed).  The Plaintiff has opposed these motions in due course.  The Plaintiff has made an automatic disclosure as required under the rules.  No party has propounded discovery.  No other activity has taken place on the case.

Next, on January 16, 2026, the Plaintiff and two new Plaintiffs[1], filed a new action in the Worcester County Superior Court.  This case brought new claims against MGP Ingredients, Inc. ["MGPI"] the distiller of Everclear, against the retailer who sold the Everclear, against individuals involved in the incident and against another fraternity believed to have brought the Everclear to the fraternity where the incident occurred.

---

[1] Lordever Digan and Grace Digan are the plaintiff, Yvette Digan's, parents.  Claims were filed on their behalf under G.L. c. 231 Section 85X for loss of consortium. They are not plaintiffs in the other two pending cases in the USDC.

On January 20, 2026, Luxco and MGPI removed the case to the United States District Court before any defendant was served.  Luxco and MGPI took the position that its "snap removal" was proper and that any motion to remand filed by the Plaintiffs would be denied.  In response to the position taken by the removing defendants, the Plaintiffs dismissed their complaint as permitted by Fed.R.Civ.P. 41(a)(1)(A)(ii).

On March 31, 2026, the Plaintiffs filed a new case in state court with the same defendants as the prior state court action and adding other individuals associated with the fraternity where the incident took place.  When the complaint was filed, the state court also allowed a motion for special process server and the Defendant, Massachusetts Fine Wines & Spirits, LLC d/b/a Total Wine & More, a Massachusetts corporation, was served the same day.

Now Luxco and MGPI have removed the case to the United States District Court by claiming that the Plaintiffs "waived" the forum defendant rule by their conduct.

## LEGAL FRAMEWORK

28 U.S.C.A. § 1441 (West) provides in pertinent part:

…(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

This section of 28 U.S.C. §1441(b)(2) has become known as the "forum defendant" rule.

The interpretation and application of the language "properly joined and served" has been the subject of debate and led to differing results across the Federal Circuit courts.  In the First Circuit, Judge Woodlock wrote a decision expressing his opinion that removal cannot be effected unless at least one defendant has been served.  Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313, 316 (D. Mass. 2013).  "But here, the non-forum defendant has contrived and engaged in a

3

different race—that of removing the case from the state court before service is effected." *Id.*, at

321.  The Gentile decision also nicely summarizes the split amongst the circuit courts when

addressing this issue.

In another First Circuit decision authored by Judge Burroughs, the court expressed

concerns about not following the decision written by Judge Woodlock.

> Absent this interpretation, a sophisticated forum defendant could avoid ever having
> to litigate in state court by closely monitoring court dockets and removing actions
> before any defendant can be served. Gentile, 934 F. Supp. 2d at 321; DaSilva [v.
> Germany], 514 F. Supp. 3d at 397–98 [(D. Mass. 20221)]. Indeed, Defendants' actions in
> this case reflect the exact concerns expressed by other courts in this district and evidence
> the wisdom of the rule adopted by them.

Sandler v. R.J. Reynolds Tobacco Co., No. 22-CV-10379-ADB, 2022 WL 17417623, at *1 (D.

Mass. Dec. 5, 2022).

**ARGUMENT**

**I. The Forum Defendant Rule Bars Removal Where a Properly Joined and Served
Defendant Is a Citizen of Massachusetts.**

There is nothing improper about the Plaintiffs filing a new lawsuit against new parties

arising out of the same incident.  When the first state court case was filed and when Luxco and

MGPI snap removed that case to Federal Court, Plaintiff's counsel learned something from

removing defendants about litigation strategy.  And despite the fact that decisions from the First

Circuit frown upon snap removals or removing cases before any defendant is served, Luxco and

MGPI filed a Notice of Removal anyway.

> Precluding removal until at least one defendant has been served protects
> against docket trolls with a quick finger on the trigger of removal. Under the
> reading I have given to section 1441(b) here, plaintiffs legitimately seeking to
> join a forum defendant face the modest burden of serving that defendant
> before any others.

Gentile, supra at 322. And despite the fact that decisions from the First Circuit frown upon snap removals or removing cases before any defendant is served, Plaintiff's counsel made the strategic decision to dismiss the first state court case as permitted by Fed.R.Civ.P. 41(a)(1)(A)(ii), without prejudice to allow him to undertake "the modest burden" of serving the forum defendant first.  It is clear from the gamesmanship employed by Luxco and MGPI that had plaintiff's counsel not served the forum defendant first, they would have again snap removed the case to Federal Court despite the clear guidance from the First Circuit on this issue.  Now that Luxco and MGPI have taught plaintiff's counsel how to avoid removal, they complain such action is unfair and constitutes a waiver.

**II. The First State Court Action Would Have Been Remanded in Any Event; the Voluntary Dismissal Simply Achieved the Same Result More Efficiently.**

Central to the removing defendants' narrative is the suggestion that the Plaintiffs' voluntary dismissal of the first state court action was an act of gamesmanship. This argument ignores a critical fact: had the Plaintiffs not voluntarily dismissed the first state court case and instead filed a motion to remand, that motion would have been granted. The snap removal performed by Luxco and MGPI on January 20, 2026, before any defendant had been served, was precisely the type of removal that courts in this District have repeatedly found to be improper. See Gentile, 934 F. Supp. 2d at 321; DaSilva v. Germany, 514 F. Supp. 3d 390, 397–98 (D. Mass. 2021).

Under the prevailing interpretation in the District of Massachusetts, removal under § 1441(b)(2) cannot properly occur before any defendant has been served. At the time of the January 2026 snap removal, no defendant had been served. Had the Plaintiffs filed a motion to remand, the case would have been sent back to the Worcester County Superior Court. Instead,

the Plaintiffs chose the more efficient path of voluntarily dismissing the case without prejudice

under Rule 41(a)(1)(A)(ii) and refiling in state court, this time undertaking the "modest burden"

of serving the forum defendant before any removing defendant could act. The Plaintiffs should

not be penalized for choosing a path that reached the same destination more quickly. The

voluntary dismissal was not an evasion of any ruling; it was a practical alternative to a remand

motion that, under governing precedent in this District, the Plaintiffs would have won.

Put differently, the removing defendants' entire theory of waiver and gamesmanship rests

on the premise that their snap removal was proper. It was not. A party that engaged in an

improper removal cannot then complain when the opposing party took a lawful step, voluntary

dismissal without prejudice, to avoid the delay and expense of litigating a remand motion that

would have produced the same outcome.

### III. Subject Matter Jurisdiction Cannot Be Waived, and the Forum Defendant Rule Is a Statutory Limitation on This Court's Removal Jurisdiction.

The cornerstone of the removing defendants' argument is that the Plaintiffs have

"waived" the forum defendant rule through their litigation conduct. This argument is

fundamentally incompatible with one of the most deeply embedded principles in federal law:

subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel.

The Supreme Court has held, without exception, that "no action of the parties can confer

subject-matter jurisdiction upon a federal court." Insurance Corp. of Ireland v. Compagnie des

Bauxites de Guinée, 456 U.S. 694, 702 (1982). This principle is of constitutional dimension:

"[T]he requirement [of subject matter jurisdiction] is not one of mere form, but of substance, and

… the parties cannot by consent waive it." Mansfield, Coldwater & Lake Michigan Railway Co.

6

v. Swan, 111 U.S. 379, 382 (1884). Indeed, objections to subject matter jurisdiction "can never be forfeited or waived." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

The forum defendant rule of § 1441(b)(2) is a statutory limitation on removal jurisdiction. When a properly joined and served defendant is a citizen of the forum state, the statute provides that the action "may not be removed." 28 U.S.C. § 1441(b)(2). This is not a procedural nicety that the parties may bargain away; it is a constraint Congress placed on the power of federal courts to hear removed cases. Whether this limitation is characterized as jurisdictional or as a statutory defect in removal, the result is the same: the Plaintiffs cannot "waive" it. Where the statutory prerequisites for removal are not met, the Court lacks authority to entertain the case regardless of any party's litigation conduct in other proceedings. This Court has an independent obligation to satisfy itself that removal was proper, and if it was not, to remand the case. 28 U.S.C. § 1447(c).

Luxco and MGPI ask this Court to do something no court has the power to do: exercise removal jurisdiction where the statute forbids it, on the theory that the Plaintiffs' conduct in other proceedings somehow overrides the will of Congress. No amount of equitable argument can create jurisdiction where it does not exist. The forum defendant rule either bars removal or it does not. Here, a Massachusetts defendant, Massachusetts Fine Wines & Spirits, LLC d/b/a Total Wine & More, was properly joined and served as of the time of removal. Under § 1441(b)(2), removal is barred. That bar cannot be waived.

## IV. The Removing Defendants' Claims of Gamesmanship and Unfairness Are Factually Deficient and Misleading.

Luxco's and MGPI's positions on waiver and unfairness mislead the Court and are factually deficient.  First, the removing defendants take issue with the Plaintiff obtaining an ex

parte special process server.  The grounds for the motion were/are valid and were made in good faith. Seven of the defendants in this case are Worcester Polytechnic Institute students, many of whom graduate in May.  If the case were still pending in state court, then Plaintiff's counsel would be using the special process server to perfect service on those defendants.  If the students are not served before they graduate then determining their locations nationwide becomes a much more daunting task.  Merely because Plaintiff's counsel then used that special process server to make service on the forum defendant, is not evidence of any gamesmanship or ulterior motive. Luxco and MGPI now complain because they customarily rely on over-worked and understaffed county sheriff's departments to create a delay in service thus affording them time to remove a case before service can occur as a practical matter.

Another issue which the removing defendants create flows from the following paragraph:

Although a plaintiff is entitled to choose where to litigate his or her claims, that right has limits. When a plaintiff already made that choice by litigating in federal court for nearly a year, received adverse rulings, and fully briefed and argued against a pending dispositive motion, the Court can and should intervene to prohibit such litigation gamesmanship.

*Notice of Removal*, p. 9.  First, and to be sure, the litigation gamesmanship began when Luxco and MGPI snap removed the first state court case before any defendant was served.  That removal was improper; the Plaintiffs availed themselves of the opportunity permitted under the Federal Rules to dismiss the case without prejudice; and then undertook the modest burden described by Judge Woodlock to prevent removal again. "It is a familiar principle of equity that he who seeks equity must do equity."  Snow v. Blount, 182 Mass. 489, 491(1903).

Luxco and MGPI are correct that Yvette Digan's cases have been pending for "nearly a year," but the only activity on the case has been motions filed by Luxco.  Of course, the plaintiff opposed those motions and fully briefed them.  There is no alternative.  There have been no

8

adverse rulings. Yvette Digan, welcomes the opportunity to litigate the merits of her case after Luxco's constant motion practice.

**V. Lordever Digan and Grace Digan Have Never Participated in Any Federal Court Proceeding.**

Next, Lordover Digan and Grace Digan chose to bring their cases in state court. They have not participated to any extent in any federal court case. Throughout their notice of removal, Luxco and MGPI intentionally conflate the alleged conduct of Yvette Digan with her parents. "The Plaintiffs' conduct is inequitable forum shopping." *Notice of Removal*, p. 14; "Filing a fourth lawsuit after filing two federal lawsuits," *id.*; "Allowing Plaintiffs to present the same claim in state court when events in federal court have taken an unfavorable turn is analogous to validating removal by a plaintiff." *Id.*, p. 16; "Permitting this action to remain in state court would sanction Plaintiffs' transparent forum manipulation and would eviscerate the removal statute." *Id.*, p. 17. Lordover Digan and Grace Digan have not filed any federal lawsuits; Luxco and MGPI have now tried twice to improperly remove the state court cases, where the Plaintiffs chose to litigate this dispute. In addition, there has been no "unfavorable turn" in the federal court cases. Luxco has one motion to dismiss pending, which on the plaintiff's worst day only dismisses a portion of some of her claims. And the only "forum manipulation" that has occurred to date has been performed by the Luxco and MGPI "docket trolls," who are now upset they educated plaintiff's counsel about snap removals.

Moreover, none of the Plaintiffs in this case have availed themselves of federal court in this case on any level. Luxco and MGPI have recently filed motions to dismiss but that is the full extent of the litigation in this case, which the Plaintiffs rightfully filed in the state court of their choice.

**CONCLUSION**

"[R]emoval statutes are strictly construed, and defendants have the burden of showing the federal court's jurisdiction." Danca v. Priv. Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999)(internal citations omitted). And "any doubts about the propriety of removal should be resolved against the removal of an action." In re Pharm. Indus. Average Wholesale Price Litig., 431 F. Supp. 2d 98, 105 (D. Mass. 2006).  In this case, it is undisputed that a forum defendant was served before Luxco and MGPI served their Notice of Removal.  Under the plain language of 28 U.S.C. § 1441(b)(2), removal was not authorized, or proper.

Further, Luxco and MGPI have continually frustrated the purpose of the removal statute by playing procedural games which have been consistently frowned upon by the First Circuit.

> The federal civil removal statutes have an "obvious concern with efficiency," *BP p.l.c. v. Mayor and City Council of Baltimore*, 593 U.S. 230, 245, 141 S.Ct. 1532, 209 L.Ed.2d 631, and a "general interest in avoiding prolonged litigation on threshold nonmerits questions," *Powerex Corp. v. Reliant Energy Services, Inc.*, 551 U.S. 224, 237, 127 S.Ct. 2411, 168 L.Ed.2d 112.

Enbridge Energy, LP v. Nessel on behalf of Michigan, No. 24-783, 2026 WL 1083312, at *2 (U.S. Apr. 22, 2026).  The Plaintiffs have attempted to avoid unnecessary litigation by learning from the first (improper) snap removal and then availing themselves of the opportunity to dismiss the case and to close loopholes Luxco and MGPI took advantage of despite strong, instructive language from the First Circuit.  Luxco and MGPI were not deterred and conjured a new excuse to justify their improper removal.

For the foregoing reasons, the Plaintiffs respectfully request that this Honorable Court remand this action to the Worcester County Superior Court. The forum defendant rule of 28

U.S.C. § 1441(b)(2) bars removal because a Massachusetts defendant was properly joined and served as of the time of removal. That statutory bar cannot be overcome by arguments sounding in waiver, estoppel, or equity. The Plaintiffs further request an award of costs and expenses, including attorney's fees, incurred as a result of this improper removal pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted,
The Plaintiffs,
By Their Attorney,

*/s/ David W. Heinlein*

David W. Heinlein (BBO#550598)
HEINLEIN BEELER MINGACE
& HEINEMAN, P.C.
276 Union Avenue
Framingham, MA 01702
(508) 626-8500
dheinlein@hbmhlaw.com

## CERTIFICATE OF COMPLIANCE
## Local Rule 7.1

I, David W. Heinlein, counsel for the Plaintiffs hereby certify that I have conferred and have attempted to in good faith to try and resolve or narrow the issues presented by this motion prior to its filing.

*/s/ David W. Heinlein*

David W. Heinlein

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ David W. Heinlein*

_____
David W. Heinlein, Esq.

12