**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Yvette Digan, Lordever Digan, and Grace Digan,<br><br>     Plaintiffs,<br><br>     v.<br><br>MGP Ingredients, Inc., Massachusetts Fine Wines & Spirits, LLC d/b/a Total Wine & More, Ryan Addeche, Trevor Bowen, Julian Tague, James Gikas, Andrew Mitchell, Theo Sawyers, Richard Hughes, Philip Clay, Christine Ziev, Worcester Polytechnic Institute, The Fraternity of Phi Gamma Delta, Inc., Pi Iota Chapter of Phi Gamma Delta, Incorporated, Zeta Psi Fraternity, Inc., Pi Tau Elders, Inc., Luxco, Inc., Henry Pharris, and John Does 1-30,<br><br>     Defendants. | Civil Action No. 4:26-cv-40099-MRG |

**MASSACHUSETTS FINE WINE & SPIRITS, LLC d/b/a TOTAL WINE & MORE'S
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

Massachusetts Fine Wine & Spirits, LLC d/b/a Total Wine & More ("MFW&S"), pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, incorporates the arguments, statements, and exhibits set forth in the opposition to Plaintiffs' Motion to Remand filed by defendants MGP Ingredients, Inc. and Luxco, Inc. ("the Opposition"). In the interest of efficiency, MFW&S will not restate every argument made in the Opposition. However, it will make the following specific arguments related to MFW&S:

1. Plaintiffs Yvette Digan and her parents are citizens of the People's Republic of China, domiciled in Hong Kong.  ECF No. 1 at ¶¶ 1-3.

2. MFW&S is a limited liability company, which is considered to be an unincorporated association.

3. For purposes of determining diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332(c)(1), "[t]he citizenship of an unincorporated entity . . . is determined by the citizenship of all of its members." *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 693 (1st Cir. 2023) (quoting *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006) (applying this rule to a limited liability company)).

4. For purposes of determining diversity pursuant to 28 U.S.C. § 1332(c)(1), MFW&S is not a citizen of Massachusetts because none of its members are citizens of Massachusetts. It is only a citizen of the states where its members reside, which are Maryland, Colorado, and the Commonwealth of Virginia.  ECF No. 16 (MFW&S's Disclosure pursuant to Fed. R. Civ. P. 7.1).  Contrary to Plaintiffs' argument that MFW&S is a "Massachusetts corporation" or "Massachusetts defendant" that had been properly served and joined prior to removal of this action, see ECF 18 at 3, 11 (Plaintiffs' Motion to Remand), MFW&S is instead a limited liability company and diversity jurisdiction is proper as the citizenship of its members is Maryland, Colorado, and the Commonwealth of Virginia.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* ECF No. 1 at ¶¶ 13-39.

6. Because the action was removed by defendants MGP Ingredients, Inc. and Luxco, Inc. on April 1, 2026, before any Massachusetts citizen defendant was served, the removal invokes

the exception to the "forum defendant rule", i.e., the removal by MGP and Luxco was a "snap removal."  MFW&S was joined in and consented to MGP and Luxco's Petition for Removal.  ECP No. 17.

7.  The forum defendant rule, which is set out at 28 U.S.C. § 1441(b)(2), provides that a suit that is otherwise removable solely on diversity grounds may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

8.  Because MFW&S is not a Massachusetts citizen for diversity purposes, MGP and Luxco's removal was authorized by the exception to the forum defendant rule set forth in 28 U.S.C. § 1441(b)(2).

9.  Even if the exception to the forum defendant rule were not applicable here, Plaintiffs should not be permitted to invoke the forum defendant rule in seeking remand of this action because they have waived the right to do so for the numerous reasons set forth in ECF No. 1 ¶¶ 40-62.

10. For these reasons, the Motion to Remand should be denied, and this case should remain in Federal Court.

Date:  May 13, 2026                                    Respectfully submitted,

                                                       By: */s/ Michael J. Merriam*

                                                       Michael Merriam, BBO No. 632964
                                                       LAW OFFICES OF STEVEN B. STEIN
                                                       P.O. Box 2903
                                                       Hartford, CT 06104-2903
                                                       MMerriam@travelers.com

                                                       *Counsel for Defendant Massachusetts Fine*
                                                       *Wine & Spirits, LLC d/b/a Total Wine &*
                                                       *More*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non registered participants on May 13, 2026.

*/s/ Michael J. Merriam*

Date:   May 13, 2026                                    Michael J. Merriam