**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

YVETTE DIGAN, LORDEVER DIGAN, and
GRACE DIGAN,

      Civil Action No. 4:26-cv-40099

Plaintiffs,

      MRG

v.

MGP INGREDIENTS, INC., MASSACHUSETTS
FINE WINES & SPIRITS, LLC d/b/a TOTAL
WINE & MORE, et al.,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**MASSACHUSETTS FINE WINES & SPIRITS, LLC d/b/a TOTAL WINE & MORE'S**
**MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

## <u>INTRODUCTION</u>

Defendant Massachusetts Fine Wines & Spirits, LLC d/b/a Total Wine & More ("Total Wine") is a Massachusetts package store that, the Complaint alleges, sold a single bottle of Everclear—a lawful, federally regulated, commercially available distilled spirit—to a customer at its Shrewsbury retail location. At some time later, that bottle was transported by a college fraternity member to a fraternity house, then to a second fraternity house, where a different group of fraternity members poured it onto an active open flame during a drinking game. Plaintiff Yvette Digan, a bystander, was tragically burned. She now seeks to hold the retail store liable for the reckless acts of those fraternity college students.

1

Plaintiffs assert three claims against Total Wine: negligence (Count VI), breach of the implied warranty of merchantability (Count VII), and breach of the implied warranty of fitness for a particular purpose (Count VIII). Each fails on the face of the Complaint:

- **Negligence (Count VI)** fails because, under Massachusetts law, a package-store retailer who lawfully sells alcohol to a sober, of-age customer owes no duty to a third-party stranger injured days later by another person's reckless misuse of the product. Even if a duty existed, the chain of intervening reckless and policy-violating acts pleaded in the Complaint constitutes a superseding cause as a matter of law.

- **Implied warranty of merchantability (Count VII)** fails because Everclear is not "defective" under Massachusetts law. It is exactly what it purports to be: a 190-proof grain neutral spirit, lawfully sold with all federally mandated labeling requirements. A product that is dangerous only when intentionally misused is not unmerchantable.

- **Implied warranty of fitness for a particular purpose (Count VIII)** fails because the Complaint pleads no facts showing that Total Wine knew of any particular purpose, much less that the buyer relied on Total Wine's skill or judgment to select goods suitable for that purpose. The warranty does not arise.

- **Failure to Warn (or inadequate warnings) (Counts VI-VIII):** to the extent such claim is a subset of the plaintiffs' claims for negligence and/or breach of warranty, fails because there is no claim—and none could be credibly asserted—that additional warnings concerning the flammability of the 190 proof spirits product would have been heeded; given the "game" being engaged in by the fraternity brothers, the flammability of the bottle of Everclear was exactly the point of its use.

2

Counts VI through VIII asserting claims against Total Wine, should therefore be dismissed with prejudice.

## BACKGROUND

As alleged in the plaintiffs' complaint, on May 13, 2025, members of the Zeta Psi fraternity at Worcester Polytechnic Institute (WPI) conducted a game called "fire stump," in which fraternity members drove nails into a tree stump with a hammer while flammable liquid burned on the stump. Complaint ¶ 45. Defendant James Gikas initiated the game; defendant Gikas and defendant Andrew Mitchell decided to add more Everclear to the active fire and defendant Henry Pharris poured 190-proof Everclear onto or near the active flame. Complaint ¶¶ 45, 49–50. The alcohol vapors ignited, propelling burning liquid outward, and Plaintiff Yvette Digan—a guest at the gathering—was engulfed in flames. Complaint ¶¶ 51–52. Plaintiff suffered severe burns. Complaint ¶¶ 53–59.

The bottle of Everclear at issue had been purchased on or before May 13, 2025, from Total Wine's Shrewsbury, Massachusetts location. Complaint ¶ 26. The Complaint alleges that the purchase was made by defendant Richard Hughes—or by another member of the Pi Iota chapter of Phi Gamma Delta, a different fraternity than Zeta Psi—in violation of WPI, Phi Gamma Delta, and Pi Iota policies. Complaint ¶ 28. The bottle was first brought to the Pi Iota fraternity house at 99 Salisbury Street, where it was possessed and stored in violation of those same policies, Complaint ¶ 29. Hughes then transported it to the Zeta Psi fraternity house at 32 Dean Street, in Worcester. Complaint ¶ 30.

The Complaint contains no allegation that Total Wine sold to a minor, sold to a visibly intoxicated person, knew or should have known the buyer's intended use, or violated any provision of G.L. c. 138 or any other statute or regulation. Plaintiffs' negligence theory rests on

3

the bare fact of the sale of a lawful product and the absence of additional warnings beyond those required by law. Complaint ¶ 114.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court accepts well-pleaded factual allegations as true but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

Whether a defendant owes a duty of care is a question of law properly resolved on a Rule 12(b)(6) motion (affirming Rule 12(b)(6) dismissal where defendant owed no duty); *see Lama-Wolobah v. Paqui, LLC*, No. 4:24-cv-12016-MRG, 2026 WL 907418, at *4 (D. Mass. Mar. 31, 2026) (Guzman, J.) (granting motion to dismiss negligence claim for absence of duty as to seller); *see also Jupin v. Kask*, 849 N.E.2d 829, 833-836 (Mass. 2006)*; O'Meara v. New England Life Flight, Inc.,* 842 N.E.2d 953, 954-955 (Mass. App. Ct. 2006).

## ARGUMENT

### I.  The Negligence Claim (Count VI) Fails as a Matter of Law.

*A.   Total Wine owed no duty to Plaintiff under Massachusetts law.*

A negligence claim under Massachusetts law requires duty, breach, causation, and damages. *Jupin*, , 849 N.E.2d 829 at 833-836. The existence of a duty is a question of law for the Court. *Id.* at 832. Generally, "there is no duty to protect others from the wrongful or criminal activities of third persons." *Id.* at 836.

4

Massachusetts has never recognized, and has repeatedly declined to recognize, a common-law duty on the part of a package-store retailer to protect third parties from the later misuse of a lawfully sold alcoholic beverage. The Supreme Judicial Court has confined liability for the sale of alcohol to a narrow statutory regime, G.L. c. 138, and to the limited common-law social-host doctrine, neither of which reaches the conduct alleged here. *See Vickowski v. Polish American Citizens Club of Deerfield*, 664 N.E.2d 429, 430-433 (Mass. 1996) (declining to extend liquor-seller liability beyond statutory framework); *Cimino v. Milford Keg, Inc.*, 431 N.E.2d 920, 923-925 (Mass. 1982); *Bennett v. Eagle Brook Country Store, Inc.*, 559 N.E.2d 1156, 1168-1169 (Mass. 1990) (package-store sale of beer to minor, who was later involved in motor-vehicle accident, did not give rise to common-law duty absent statutory violation and direct causal connection).

Plaintiffs plead none of the elements that give rise to retail-seller liability for the sale of alcohol under Massachusetts law. They do not allege that Total Wine sold to a minor in violation of G.L. c. 138, § 34. They do not allege a sale to a visibly intoxicated person under G.L. c. 138, § 69. They do not allege any communication between the buyer and Total Wine concerning the intended use of the product. The Complaint alleges only that Total Wine "sold Everclear which was unreasonably dangerous and defective as sold," "marketed Everclear which emphasized its use as a flammable product," and "sold Everclear without adequate warnings." Complaint ¶ 114. These are conclusory statements. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d at 12; *Iqbal*, 556 U.S. at 678. The allegations fail in any event because Total Wine, as a downstream retail seller, did not design, manufacture, or alter the product. Everclear is a federally regulated product whose labeling and warning is governed by federal law. *See* 27 C.F.R. § 5.65 (labels concerning alcohol content) and 27 C.F.R. § 5.63 (mandatory label information).

Imposing a duty on retail package stores to police downstream misuse would require this Court to do what the Supreme Judicial Court and the Massachusetts Legislature have declined to do: extend liquor-seller liability beyond the carefully drawn boundaries of G.L. c. 138 and the social-host doctrine. *See Juliano v. Simpson*, 962 N.E.2d 175, 178-179 (Mass. 2012) (declining to expand common-law liability for furnishing alcohol). Because Total Wine owed no duty to Plaintiff, Count VI fails.

B.   *Intervening reckless acts of third parties were a superseding cause as a matter of law.*

Even if Total Wine owed Plaintiff a duty, which Total Wine contends it did not, the Complaint affirmatively pleads a chain of intervening, reckless, policy-violating acts that, taken as true, constitute a superseding cause and sever proximate causation as a matter of law. *See Kent v. Commonwealth*, 771 N.E.2d 770, 776-778 (Mass. 2002) (criminal or reckless conduct of a third party generally constitutes a superseding cause).  Although proximate cause is ordinarily a jury question, "if a series of events occur between the negligent conduct and the ultimate harm, the court must determine whether those intervening events have broken the chain of factual causation or, if not, have otherwise extinguished the element of proximate cause and become a superseding cause of the harm." *Id.* at 777.  *See Bernal, LLC v. Walgreens Co.,* 2023 WL 4731566 (Unpublished Decision, Cal. App. 2d Dist. 2023) (plaintiff's misuse of an isopropyl alcohol bottle was so unforeseeable that it was, as a matter of law, the superseding cause of her injury).

The Complaint pleads at least the following independent acts between Total Wine's sale and Plaintiff's injuries:

- Defendant Hughes purchased Everclear in violation of WPI, Phi Gamma Delta, and Pi Iota policies prohibiting high-proof alcohol on campus and at fraternities (Complaint ¶ 28);

- Hughes brought the Everclear to the Pi Iota fraternity house at 99 Salisbury Street, where it was possessed and stored in violation of those same policies (Complaint ¶ 29);

- Hughes then transported the Everclear from the Pi Iota house to a second fraternity house—the Zeta Psi house at 32 Dean Street (Complaint ¶ 30);

- Members of Zeta Psi initiated a dangerous game called "fire stump," in which a hammer was used to drive nails into a tree stump while flammable liquid burned on top of the stump (Complaint ¶ 45);

- Defendants Gikas and Mitchell decided to add more highly flammable Everclear to the active fire (Complaint ¶ 49); and

- Defendant Pharris poured 190-proof Everclear onto or near the active fire Apparently under circumstances in which bystanders or within the plan on paying zone of danger and vulnerable to the expanding fire. (Complaint ¶ 50).

None of these acts was a foreseeable consequence of a routine retail alcohol sale. They were not committed by Total Wine's customer; they were committed by other people, in two other locations, later, in conscious violation of multiple institutional policies. Massachusetts courts have repeatedly held that such intervening reckless conduct severs liability as a matter of law. "Under Massachusetts law, '[i]n addition to being the cause in fact of the injury [the but for

cause], the plaintiff must show that the negligent conduct was a proximate or legal cause of the injury as well. *Kent*, 771 N.E.2d at 776-77. To establish proximate cause, a plaintiff must show that his or her injuries were within the reasonably foreseeable risks of harm created by the defendant's negligent conduct. Id.; *Poskus v. Lombardo's of Randolph, Inc.*, 670 N.E.2d 383, 385 (Mass. 1996); *Staelens v. Dobert*, 318 F.3d 77, 79 (1st Cir. 2003). The conduct alleged in the complaint was not a reasonably foreseeable risk to Total Wine, who lawfully sold a product to a customer.

C.  *The harm suffered was not within the risk that made any conduct of Total Wine negligent.*

Massachusetts negligence law confines liability to harms within the foreseeable risk created by the defendant's conduct. *Jupin*, 447 Mass. at 146-149; *Staelens v. Dobert*, 318 F.3d 77, 79-80 (1st Cir. 2003).  *See Michnik-Zilberman v. Gordon's Liquor, Inc.*, 453 N.E.2d 430, 434 (Mass. 1983) (holding that the act and the harm must be reasonably foreseeable).

The risks that arguably make any retail sale of high-proof alcohol foreseeable—intoxication, alcohol poisoning, impaired driving—are categorically different from the risk that materialized here: use as an incendiary accelerant in a flame-based fraternity game. No reasonable seller of beverage alcohol would foresee that result, and Massachusetts law does not extend the duty of a retailer to act to avoid any such risk.

In *Selwyn v. Ward,* 879 A.2d 882 (R.I. 2005), a case with facts substantially similar to those at bar, the Rhode Island Supreme Court held that harm from a minor igniting grain alcohol "for sport" was not a foreseeable consequence of selling grain alcohol to a minor, and thus, that the seller liquor store owner did not have duty to plaintiff.  As here, the linchpin in the Court's analysis of whether a duty flowed from that defendant to the plaintiff, as element of negligence, was foreseeability.   Id. at 887-888.

8

**II.   The Implied Warranty of Merchantability Claim (Count VII) Fails Because the Product at Issue Was Not Defective.**

The implied warranty of merchantability under G.L. c. 106, § 2-314 warrants that goods are "fit for the ordinary purposes for which such goods are used." G.L. c. 106, § 2-314(2)(c). To succeed in a claim of breach of implied warranty of merchantability under Massachusetts law, a plaintiff must demonstrate "that 1) defendant manufactured or sold the subject product, 2) that product contained a defect or unreasonably dangerous condition rendering it unsuitable for its ordinary use, 3) plaintiff was using the product in a manner that defendant intended or reasonably could have foreseen and 4) the defect or dangerous condition was a legal cause of plaintiff's injury." *Zoll Med. Corp. v. Barracuda Networks, Inc.*, 565 F. Supp. 3d 101, 107-08 (D. Mass. 2021).The inherent flammability characteristic of 190-proof alcohol is not a defect, nor has Plaintiff asserted a claim for design defect related to the inherent flammability characteristic of Everclear.  See *Garrison v. Heublein, Inc.*, 673 F.2d 189, 192 (7th Cir.1982) (dangers involved in the use of alcohol are common knowledge to such an extent that the product cannot objectively be considered to be unreasonably dangerous).  Plaintiffs have not alleged that Everclear was unfit for its ordinary purpose, and they cannot establish the elements required for a fitness for a particular purpose claim. Moreover, Everclear was misused here in reckless fashion as an accelerant, not the product's ordinary or intended purpose. It is a 190-proof grain neutral spirit—lawfully manufactured, federally regulated, and labeled in accordance with federal regulations. The Complaint does not allege that the bottle Total Wine sold was contaminated, mislabeled, adulterated, or different in any way from the product that left the manufacturer. It alleges instead that the product is dangerous because it is flammable, Complaint ¶ 114, which is akin to arguing that gasoline or butane are defective because they are flammable substances.

9

To establish a breach of warranty claim based on design defect, a plaintiff must demonstrate that the design was "unreasonably dangerous" and identify "an available design modification which would reduce the risk." *Ducat v. Ethicon, Inc.*, 534 F. Supp. 3d 152, 160 (D. Mass. 2021) (quotations and citations omitted). Plaintiffs have not alleged any safer alternative design for Everclear. The bare allegation that the product was "defective" due to its high ethanol content and flammability does not satisfy pleading requirements. *See id*. *See also Pemberton v. American Distilled Spirits Co.,* 664 S.W.2d 690, 693 (Tenn. 1984) (holding that Everclear is not a defective product on the basis of its high alcohol content; Rule 12(b)(6) motion allowed).

A product that is exactly what it is held out to be is not defective merely because it can be misused. *Uloth v. City Tank Corp.*, 384 N.E.2d 1188, 1192-93 (Mass. 1978).  Because the Complaint alleges no defect—and instead alleges only that third parties used the product in a way it was never designed or intended to be used—Count VII fails to assert a claim upon which relief may be granted.

### III.   The Implied Warranty of Fitness for a Particular Purpose Claim (Count VIII) Fails Because No Particular Purpose Was Communicated.

The implied warranty of fitness for a particular purpose under G.L. c. 106, § 2-315 arises only where "the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." G.L. c. 106, § 2-315. The creation of such a warranty requires proof of three factual elements:

First, the seller must have reason to know of the particular purpose for which the buyer requires the goods; second, the seller must have reason to know that the buyer is relying on the seller's skill or judgment in selecting or furnishing suitable goods; and third, the buyer in fact must rely upon the seller's skill or judgment. *Glyptal, Inc. v. Engelhard Corp.,* 801 F. Supp. 887,

897–98 (D.Mass.1992); *Fernandes v. Union Bookbinding Co.,* 507 N.E.2d 728, 733 (Mass. 1987); *Softub, Inc. v. Mundial, Inc.,* 53 F. Supp. 3d 235, 253 (D. Mass. 2014). "A 'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question." 53 F. Supp. 3d at 253.

The Complaint contains no allegation that the buyer communicated to Total Wine any purpose—particular or otherwise—for the Everclear product. It contains no allegation that the buyer relied on Total Wine's skill or judgment to select a suitable product. And it certainly contains no allegation that the buyer disclosed any intent to use the product as fuel for a fraternity drinking game involving an open fire. Without those facts, no warranty arises and the claim asserted in  Count VIII fails. *See id.* at 255.

## IV.   Plaintiffs Cannot Prevail on a Failure to Warn Theory Where there is No Factual Basis for the claim that Additional or Different Warnings would have changed the Conduct of the Fraternity Members that Abused the Product.

Plaintiffs allege that Total Wine breached its duty of care and was otherwise negligent in the sale of the Everclear involved in the incident … through marketing Everclear which emphasized its use as a flammable product without adequate warnings or limitations, and selling Everclear without adequate warnings and labels about its dangers when foreseeably used by the public. (Pl. Compl. ¶ 114.)  Even assuming, *arguendo*, that the way the participants in the "fire stump" game used the Everclear was remotely within the zone of foreseeable use, which Total Wine denies, any claim based on negligent failure to warn fails because the Complaint's averments establish that the injury would not have been prevented even with heightened warnings.  *See Lama-Wolobah as Personal Representative of Estate of H.W. v. Paqui, LLC*, 2026

11

WL 907418 at *11 (D.Mass. 2026) (slip opinion).  Here, there is no evidence that a warning accentuating the product's  flammability would have prevented the plaintiff's injuries;  indeed, it was the *point* of its flammability that caused the "fire stump" game participants to use Everclear in the manner they did.  *See Patrick v. Perfect Parts Co.,* 515 S.W.2d 554, 556 *(*Mo. 1974*)*(where plaintiff knew of the flammability and burning qualities of the denatured alcohol and the product was purchased for the very purpose of burning it trial court correctly concluded, as a matter of law, that any failure of the label to adequately warn of the burning propensities of the denatured alcohol could not reasonably be considered to have proximately caused the plaintiff's injuries.)

The Complaint alleges that the "fire stump" game involved fraternity members using a hammer to drive nails into a tree stump while flammable liquid burned on top of the tree stump; that the fraternity was aware of the risks associated with misuse of high-proof alcohol including its potential use as a flammable accelerant;  that nevertheless, defendants Gikas and Mitchell deliberately determined to add more highly flammable Everclear to the active fire and allowed defendant Pharris to do so;  and that Pharris purposely poured the bottle of Everclear onto or near the active fire while Gikas was using the hammer.  (Complaint ¶¶ 48-50, 66, 114.)  These allegations belie any suggestion that the defendant fraternity "brothers" would have heeded any ostensible additional or heightened warning as to the product's flammability—it was this flammability they were seeking.   Plaintiffs cannot argue that the warnings on the Everclear bottle were so inadequate as to its flammability that the game participant defendants could not have perceived the danger of the product and simultaneously argue that they were aware of its potential use as a flammable accelerant and indeed deliberately used it as that.  *See Lama-Wolobah* at *14, citing *Favreau v. Liberty Mut., Inc.,* 451 F. Supp. 3d 150, 159 (D. Mass. 2020)

12

(holding that in order to sustain a Rule 12(b)(6) challenge, a complaint must contain facts that satisfy each required element under a cognizable legal theory of recovery).  "Although the First Circuit instructs that there is a general presumption that if a proper warning was given, it would be heeded by the listener, a failure to warn claim can still fail if a plaintiff cannot meet the elements of her claim."  *Id.*  at \*12, citing *Wilson v. Bradlees of New Eng., Inc.*, 250 F.3d 10, 15-16 (1st Cir. 2001) (citing Restatement (Second) of Torts, § 402, cmt. j. (Am. L. Inst. 1965)).  For instance, "when it is clear on the face of the pleadings that the injured party did not read or rely on the warnings given, a failure to warn claim fails as a matter of law due to lack of causation." *Lama-Wolobah, supra,* citing *Corrigan v. Covidien LP* (Corrigan II), 748 F.Supp.3d 1, 13 (D. Mass. 2024) (citing *Santos-Rodríguez v. Seaster Sols.*, 858 F.3d 695, 698 (1st Cir. 2017);  see also, *Wasylow v. Glock, Inc.,* 975 F. Supp. 370 at 378 (citing *Laaperi v. Sears Roebuck & Co.*, 787 F.2d 726 at 729) (1st Cir. 1986) ("[A]s with all negligence allegations, failure to warn will not constitute negligence if it is not the proximate cause of the plaintiff's injuries."). [1]  Indeed, "[a] plaintiff may succeed on a failure to warn theory, only if, "an additional or different warning would have so alerted the plaintiff that the [injury] would not have occurred."  *Lama-Wolobah, supra,* citing *Bell v. Wysong & Miles Co.*, 26 Mass.App.Ct. 1011, 1013 (1988).  Where, as here, "'there is no evidence that [an] additional or different warning' would have prevented the injury, 'no reasonable jury could find for a plaintiff on a failure-to-warn theory.' "  *Lama-Wolobah, supra,* quoting *Geshke v. Crocs, Inc.*, 889 F.Supp.2d 253, 263 (D. Mass. 2012) (quoting *Bell, supra*).

---

[1] The *Lama-Wolobah* Court "note[d] that the records in the cases cited were developed after discovery and determined on summary judgment." *Id.* at fn. 10.  It held, "[h]owever, when the pleadings and arguments made on the Plaintiff's behalf make it apparent at the motion to dismiss stage that the adequacy of the warnings were not the cause of the injury, then Plaintiff cannot succeed on her *prima facie* case." *Id.*

Even drawing all reasonable inferences in the plaintiffs' favor, as the Court must do in ruling on a 12(b)(6) motion, therefrom in the pleader's favor, plaintiffs cannot overcome the allegations of their own complaint that undermine the theory of their claims. *See id.* For the reasons stated above, Total Wine's motion to dismiss Count VI, VII, and VIII of plaintiffs' complaint should be granted.

### CONCLUSION

For the foregoing reasons, Defendant Massachusetts Fine Wines & Spirits, LLC d/b/a Total Wine & More respectfully requests that the Court dismiss Counts VI, VII, and VIII of the Complaint as to Total Wine, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,
**MASSACHUSETTS FINE WINES & SPIRITS, LLC d/b/a TOTAL WINE & MORE,**
By its attorney,

*/s/ Michael J. Merriam*
Michael J. Merriam (BBO No. 632964)
Law Offices of Steven B. Stein
P.O. Box 2903
Hartford, CT 06104-2903
(617) 772-2816
Mmerriam@travelers.com

Dated: May 21, 2026

14

## CERTIFICATION UNDER LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), counsel for Total Wine certifies that he conferred in good faith with counsel for Plaintiffs in an attempt to resolve or narrow the issues raised by this motion, and the parties were unable to do so.

*/s/ Michael J. Merriam*

Michael J. Merriam

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the CM/ECF system on May 21, 2026, will be sent electronically to the registered participants identified on the Notice of Electronic Filing, and that paper copies will be sent by first-class mail to any non-registered participants.

*/s/ Michael J. Merriam*

Michael J. Merriam