IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

YVETTE DIGAN, LORDEVER DIGAN
& GRACE DIGAN

*Plaintiff(s)*

v.                          Civil Action No. 4:26-cv-40099-MRG

MGP INGREDIENTS, INC.,
MASSACHUSETTS FINE WINES &
SPIRITS, LLC d/b/a TOTAL WINE &
MORE, RYAN ADDECHE, TREVOR
BOWEN, JULIAN TAGUE, JAMES
GIKAS, ANDREW MITCHELL, THEO
SAWYERS, RICHARD HUGHES, PHILIP
CLAY, CHRISTINE ZIEV, WORCESTER
POLYTECHNIC INSTITUTE, THE
FRATERNITY OF PHI GAMMA DELTA,
INC., PI IOTA CHAPTER OF PHI
GAMMA DELTA, INCORPORATED,
ZETA PSI FRATERNITY, INC., PI TAU
ELDERS, INC., LUXCO, INC., HENRY
PHARRIS and JOHN DOES 1 - 30

*Defendant(s)*

## DEFENDANT, RYAN ADDECHE'S ANSWER TO PLAINTIFFS' COMPLAINT

**NOW COMES** the Defendant, Ryan Addeche, and hereby denies each and every allegation of the Plaintiffs' Complaint except as expressly admitted herein:

## PARTIES

1. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph one (1) and calls upon Plaintiffs to prove the same.

2. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph two (2) and calls upon Plaintiffs to prove the same.

3. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph three (3) and calls upon Plaintiffs to prove the same.

1

4.  The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph four (4) and calls upon Plaintiffs to prove the same.

5.  The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph five (5) and calls upon Plaintiffs to prove the same.

6.  The allegations of paragraph six (6) are admitted.

7.  The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph seven (7) and calls upon Plaintiffs to prove the same.

8.  The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph eight (8) and calls upon Plaintiffs to prove the same.

9.  The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph nine (9) and calls upon Plaintiffs to prove the same.

10. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph ten (10) and calls upon Plaintiffs to prove the same.

11. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph eleven (11) and calls upon Plaintiffs to prove the same.

12. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph twelve (12) and calls upon Plaintiffs to prove the same.

13. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph thirteen (13) and calls upon Plaintiffs to prove the same.

14. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph fourteen (14) and calls upon Plaintiffs to prove the same.

15. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph fifteen (15) and calls upon Plaintiffs to prove the same.

16. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph sixteen (16) and calls upon Plaintiffs to prove the same.

17. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph seventeen (17) and calls upon Plaintiffs to prove the same.

18. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph eighteen (18) and calls upon Plaintiffs to prove the same.

19. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph nineteen (19) and calls upon Plaintiffs to prove the same.

20. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph twenty (20) and calls upon Plaintiffs to prove the same.

21. The  Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph twenty-one (21) and calls upon Plaintiffs to prove the same.

22. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph twenty-two (22) and calls upon Plaintiffs to prove the same.

## FACTS

23. The Defendant realleges and incorporates his answers to paragraphs one (1) through twenty-two (22) of this Answer.

24. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph twenty-four (24) and calls upon Plaintiffs to prove the same.

25. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph twenty-five (25) and calls upon Plaintiffs to prove the same.

26. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph twenty-six (26) and calls upon Plaintiffs to prove the same.

27. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph twenty-seven (27) and calls upon Plaintiffs to prove the same.

28. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph twenty-eight (28) and calls upon Plaintiffs to prove the same.

29. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph twenty-nine (29) and calls upon Plaintiffs to prove the same.

30. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph thirty (30) and calls upon Plaintiffs to prove the same.

31. The allegations of paragraph thirty-one (31) can neither be admitted nor denied as they state conclusions of law rather than factual assertions. To the extent that a response is required, the Defendant denies the allegations in this paragraph and calls upon the Plaintiffs to prove the same.

32. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph thirty-two (32) and calls upon Plaintiffs to prove the same.

33. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph thirty-three (33) and calls upon Plaintiffs to prove the same.

34. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph thirty-four (34) and calls upon Plaintiffs to prove the same.

35. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph thirty-five (35) and calls upon Plaintiffs to prove the same.

36. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph thirty-six (36) and calls upon Plaintiffs to prove the same.

37. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph thirty-seven (37) and calls upon Plaintiffs to prove the same.

38. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph thirty-eight (38) and calls upon Plaintiffs to prove the same.

39. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph thirty-nine (39) and calls upon Plaintiffs to prove the same.

40. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph forty (40) and calls upon Plaintiffs to prove the same.

41. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph forty-one (41) and calls upon the Plaintiffs to prove the same.

42. The allegations of paragraph forty-two (42) can neither be admitted nor denied as they state conclusions of law rather than factual assertions. To the extent that a response is required,

4

the Defendant denies the allegations in this paragraph and calls upon the Plaintiffs to prove the same.

43. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph forty-three (43) and calls upon the Plaintiffs to prove the same.

44. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph forty-four (44) and calls upon the Plaintiffs to prove the same.

45. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph forty-five (45) and calls upon the Plaintiffs to prove the same.

46. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph forty-six (46) and calls upon the Plaintiffs to prove the same.

47. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph forty-seven (47) and calls upon the Plaintiffs to prove the same.

48. This paragraph appears to be partially directed to a different party in this matter. As to the allegations directed to a different party, no response is required by the Defendant. To the extent that any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied. As to the allegations directed to the Defendant, they are denied. The Defendant further states that this paragraph calls for a legal conclusion to which no response is required. To the extent that a response is required, the Defendant denies the allegations in the paragraph and calls upon the Plaintiff to prove the same.

49. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph forty-nine (49) and calls upon the Plaintiffs to prove the same.

50. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph fifty (50) and calls upon the Plaintiffs to prove the same.

51. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph fifty-one (51) and calls upon the Plaintiffs to prove the same.

52. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph fifty-two (52) and calls upon the Plaintiffs to prove the same.

53. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph fifty-three (53) and calls upon the Plaintiffs to prove the same.

54. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph fifty-four (54) and calls upon the Plaintiffs to prove the same.

55. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph fifty-five (55) and calls upon the Plaintiffs to prove the same.

56. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph fifty-six (56) and calls upon the Plaintiffs to prove the same.

57. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph fifty-seven (57) and calls upon the Plaintiffs to prove the same.

58. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph fifty-eight (58) and calls upon the Plaintiffs to prove the same.

59. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph fifty-nine (59) and calls upon the Plaintiffs to prove the same.

60. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph sixty (60) and calls upon the Plaintiffs to prove the same.

61. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph sixty-one (61) and calls upon the Plaintiffs to prove the same.

62. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph sixty-two (62) and calls upon the Plaintiffs to prove the same.

63. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph sixty-three (63) and calls upon the Plaintiffs to prove the same.

64. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph sixty-four (64) and calls upon the Plaintiffs to prove the same.

65. The allegations of paragraph sixty-five (65) can neither be admitted nor denied as they state conclusions of law rather than factual assertions. To the extent that a response is required, the Defendant denies the allegations in this paragraph and calls upon the Plaintiff to prove the same.

66. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph sixty-six (66) and calls upon the Plaintiffs to prove the same.

67. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph sixty-seven (67) and calls upon the Plaintiffs to prove the same.

68. The allegations of paragraph sixty-eight (68) can neither be admitted nor denied as they state conclusions of law rather than factual assertions. To the extent that a response is required, the Defendant denies the allegations in this paragraph and calls upon the Plaintiff to prove the same.

69. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph sixty-nine (69) and calls upon the Plaintiffs to prove the same.

70. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph seventy (70) and calls upon the Plaintiffs to prove the same.

71. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph seventy-one (71) and calls upon the Plaintiffs to prove the same.

72. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph seventy-two (72) and calls upon the Plaintiffs to prove the same.

73. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph seventy-three (73) and calls upon the Plaintiffs to prove the same.

74. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph seventy-four (74) and calls upon the Plaintiffs to prove the same.

75. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph seventy-five (75) and calls upon the Plaintiffs to prove the same.

### COUNT ONE: Negligence: Yvette Digan v. MGPI

76. The Defendant realleges and incorporates his answers to paragraphs one (1) through seventy-five (75) of this Answer.

77. The allegations of Count One, paragraph seventy-seven (77) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

78. The allegations of Count One, paragraph seventy-eight (78) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

79. The allegations of Count One, paragraph seventy-nine (79) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

80. The allegations of Count One, paragraph eighty (80) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT TWO: Breach of Warranty of Merchantability – Yvette Digan v. MGPI

81. The Defendant realleges and incorporates his answers to paragraphs one (1) through eighty (80) of this Answer.

82. The allegations of Count Two, paragraph eighty-two (82) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

83. The allegations of Count Two, paragraph eighty-three (83) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations

8

contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

84. The allegations of Count Two, paragraph eighty-four (84) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

85. The allegations of Count Two, paragraph eighty-five (85) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

## COUNT THREE: Breach of Warranty of Fitness for a Particular Purpose – Yvette Digan v. MGPI

86. The Defendant realleges and incorporates his answers to paragraphs one (1) through eighty-five (85) of this Answer.

87. The allegations of Count Three, paragraph eighty-seven (87) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

88. The allegations of Count Three, paragraph eighty-eight (88) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

89. The allegations of Count Three, paragraph eighty-nine (89) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

90. The allegations of Count Three, paragraph ninety (90) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

91. The allegations of Count Three, paragraph ninety-one (91) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT FOUR: Violation of G.L. c. 93A – Yvette Digan v. MGPI

92. The Defendant realleges and incorporates his answers to paragraphs one (1) through ninety-one (91) of this Answer.

93. The allegations of Count Four, paragraph ninety-three (93) are not directed at this Defendant and a response is therefore not required. To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

94. The allegations of Count Four, paragraph ninety-four (94) are not directed at this Defendant and a response is therefore not required. To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

95. The allegations of Count Four, paragraph ninety-five (95) are not directed at this Defendant and a response is therefore not required. To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

96. The allegations of Count Four, paragraph ninety-six (96) are not directed at this Defendant and a response is therefore not required. To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

97. The allegations of Count Four, paragraph ninety-seven (97) are not directed at this Defendant and a response is therefore not required. To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

98. The allegations of Count Four, paragraph ninety-eight (98) are not directed at this Defendant and a response is therefore not required. To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

99. The allegations of Count Four, paragraph ninety-nine (99) are not directed at this Defendant and a response is therefore not required. To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

100. The allegations of Count Four, paragraph one hundred (100) are not directed at this Defendant and a response is therefore not required. To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

101. The allegations of Count Four, paragraph one hundred one (101) are not directed at this Defendant and a response is therefore not required. To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

10

102.    The allegations of Count Four, paragraph one hundred two (102) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

103.    The allegations of Count Four, paragraph one hundred three (103) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT FIVE: Agency and Alter Ego Liability – Yvette Digan v. MGPI

104.    The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred three (103) of this Answer.

105.    The allegations of Count Five, paragraph one hundred five (105) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

106.    The allegations of Count Five, paragraph one hundred six (106) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

107.    The allegations of Count Five, paragraph one hundred seven (107) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

108.    The allegations of Count Five, paragraph one hundred eight (108) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

109.    The allegations of Count Five, paragraph one hundred nine (109) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

110.    The allegations of Count Five, paragraph one hundred ten (110) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations

contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

111.     The allegations of Count Five, paragraph one hundred eleven (111) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT SIX: Negligence – Yvette Digan v. Total Wine & More

112.     The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred eleven (111) of this Answer.

113.     The allegations of Count Six, paragraph one hundred thirteen (113) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

114.     The allegations of Count Six, paragraph one hundred fourteen (114) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

115.     The allegations of Count Six, paragraph one hundred fifteen (115) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT SEVEN: Breach of Warranty of Merchantability – Yvette Digan v. Total Wine & More

116.     The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred fifteen (115) and calls upon the Plaintiff to prove the same.

117.     The allegations of Count Seven, paragraph one hundred seventeen (117) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

118.     The allegations of Count Seven, paragraph one hundred eighteen (118) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

119.     The allegations of Count Seven, paragraph one hundred nineteen (119) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

120.     The allegations of Count Seven, paragraph one hundred twenty (120) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

## COUNT EIGHT: Breach of Warranty of Fitness for a Particular Purpose – Yvette Digan v. Total Wine & More

121.     The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred twenty (120) of this Answer.

122.     The allegations of Count Eight, paragraph one hundred twenty-two (122) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

123.     The allegations of Count Eight, paragraph one hundred twenty-three (123) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

124.     The allegations of Count Eight, paragraph one hundred twenty-four (124) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

125.     The allegations of Count Eight, paragraph one hundred twenty-five (125) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

126.     The allegations of Count Eight, paragraph one hundred twenty-six (126) are not directed at this Defendant and a response is therefore not required.  To the extent any of

the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT NINE: Negligence – Yvette Digan v. Ryan Addeche

127.     The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred twenty-six (126) of this Answer.

128.     The allegations of Count Nine, paragraph one hundred twenty-eight (128) can neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent that a response is required, the Defendant denies the allegations in this paragraph and calls upon the Plaintiff to prove the same.

129.     The allegations of Count Nine, paragraph one hundred twenty-nine (129) can neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent that a response is required, the Defendant denies the allegations in this paragraph and calls upon the Plaintiff to prove the same.

130.     The allegations of Count Nine, paragraph one hundred thirty (130) can neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent that a response is required, the Defendant denies the allegations in this paragraph and calls upon the Plaintiff to prove the same.

131.     The allegations of Count Nine, paragraph one hundred thirty-one (131) can neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent that a response is required, the Defendant denies the allegations in this paragraph and calls upon the Plaintiff to prove the same.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT TEN: Negligence - Yvette Digan v. Trevor Bowen

132.     The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred thirty-one (131) of this Answer.

133.     The allegations of Count Ten, paragraph one hundred thirty-three (133) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

134.     The allegations of Count Ten, paragraph one hundred thirty-four (134) are not directed at this Defendant and a response is therefore not required.  To the extent any of

14

the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

135.    The allegations of Count Ten, paragraph one hundred thirty-five (135) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

136.    The allegations of Count Ten, paragraph one hundred thirty-six (136) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT ELEVEN: Negligence – Yvette Digan v. Julian Tague

137.    The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred thirty-six (136) of this Answer.

138.    The allegations of Count Eleven, paragraph one hundred thirty-eight (138) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

139.    The allegations of Count Eleven, paragraph one hundred thirty-nine (139) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

140.    The allegations of Count Eleven, paragraph one hundred forty (140) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT TWELVE: Negligence – Yvette Digan v. James Gikas

141.    The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred forty (140) of this Answer.

142.    The allegations of Count Twelve, paragraph one hundred forty-two (142) are not directed at this Defendant and a response is therefore not required.  To the extent any of

15

the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

143.    The allegations of Count Twelve, paragraph one hundred forty-three (143) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

144.    The allegations of Count Twelve, paragraph one hundred forty-four (144) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

145.    The allegations of Count Twelve, paragraph one hundred forty-five (145) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT THIRTEEN: Negligence – Yvette Digan v. Andrew Mitchell

146.    The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred forty-five (145) of this Answer.

147.    The allegations of Count Thirteen, paragraph one hundred forty-seven (147) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

148.    The allegations of Count Thirteen, paragraph one hundred forty-eight (148) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

149.    The allegations of Count Thirteen, paragraph one hundred forty-nine (149) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

150.    The allegations of Count Thirteen, paragraph one hundred fifty (150) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT FOURTEEN: Negligence – Yvette Digan v. Julian Tague

151.    The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred fifty (150) of this Answer.

152.    The allegations of Count Fourteen, paragraph one hundred fifty-two (152) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

153.    The allegations of Count Fourteen, paragraph one hundred fifty-three (153) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

154.    The allegations of Count Fourteen, paragraph one hundred fifty-four (154) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT FIFTEEN: Negligence – Yvette Digan v. Richard Hughes

155.    The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred fifty-four (154) of this Answer.

156.    The allegations of Count Fifteen, paragraph one hundred fifty-six (156) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

157.    The allegations of Count Fifteen, paragraph one hundred fifty-seven (157) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

158.    The allegations of Count Fifteen, paragraph one hundred fifty-eight (158) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

159. The allegations of Count Fifteen, paragraph one hundred fifty-nine (159) are not directed at this Defendant and a response is therefore not required. To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT SIXTEEN: Negligence – Yvette Digan v. Philip Clay

160. The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred fifty-nine (159) of this Answer.

161. The allegations of Count Sixteen, paragraph one hundred sixty-one (161) are not directed at this Defendant and a response is therefore not required. To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

162. The allegations of Count Sixteen, paragraph one hundred sixty-two (162) are not directed at this Defendant and a response is therefore not required. To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

163. The allegations of Count Sixteen, paragraph one hundred sixty-three (163) are not directed at this Defendant and a response is therefore not required. To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT SEVENTEEN: Negligence – Yvette Digan v. Christine Ziev

164. The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred sixty-three (163) of this Answer.

165. The allegations of Count Seventeen, paragraph one hundred sixty-five (165) are not directed at this Defendant and a response is therefore not required. To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

166. The allegations of Count Seventeen, paragraph one hundred sixty-six (166) are not directed at this Defendant and a response is therefore not required. To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

18

167.    The allegations of Count Seventeen, paragraph one hundred sixty-seven (167) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT EIGHTEEN: Negligence – Yvette Digan v. Phi Gamma Delta and Pi Iota

168.    The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred sixty-seven (167) of this Answer.

169.    The allegations of Count Eighteen, paragraph one hundred sixty-nine (169) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

170.    The allegations of Count Eighteen, paragraph one hundred seventy (170) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

171.    The allegations of Count Eighteen, paragraph one hundred seventy-one (171) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

172.    The allegations of Count Eighteen, paragraph one hundred seventy-two (172) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

### COUNT NINETEEN: Premises Liability – Yvette Digan v. Pi Iota and Phi Gamma Delta

173.    The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred seventy-two (172) of this Answer.

174.    The allegations of Count Nineteen, paragraph one hundred seventy-four (174) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

175.    The allegations of Count Nineteen, paragraph one hundred seventy-five (175) are not directed at this Defendant and a response is therefore not required.  To the extent any

of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

176.    The allegations of Count Nineteen, paragraph one hundred seventy-six (176) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

177.    The allegations of Count Nineteen, paragraph one hundred seventy-seven (177) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT TWENTY: Negligent Supervision – Yvette Digan a. Phi Gamma Delta and Pi Iota

178.    The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred seventy-seven (177) of this Answer.

179.    The allegations of Count Twenty, paragraph one hundred seventy-nine (179) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

180.    The allegations of Count Twenty, paragraph one hundred eighty (180) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

181.    The allegations of Count Twenty, paragraph one hundred eighty-one (181) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT TWENTY-ONE: Agency and Alter Ego Liability – Yvette Digan v. Phi Gamma Delta and Pi Iota

182.    The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred eighty-one (181) of this Answer.

183.     The allegations of Count Twenty-One, paragraph one hundred eighty-three (183) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

184.     The allegations of Count Twenty-One, paragraph one hundred eighty-four (184) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

185.     The allegations of Count Twenty-One, paragraph one hundred eighty-five (185) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

186.     The allegations of Count Twenty-One, paragraph one hundred eighty-six (186) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

187.     The allegations of Count Twenty-One, paragraph one hundred eighty-seven (187) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

188.     The allegations of Count Twenty-One, paragraph one hundred eighty-eight (188) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

189.     The allegations of Count Twenty-One, paragraph one hundred eighty-nine (189) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

## COUNT TWENTY-TWO: Loss of Consortium – Lordever Digan & Grace Digan v. MGPI, Total Wine, Addeche, Bowen, Tague, Gikas, Mitchell, Sawyers, Hughes, Clay, Ziev, Phi Gamma Delta & Pi Iota

190.     The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred eighty-nine (189) of this Answer.

191.     The relevant statutes are written documents and, therefore, speak for themselves. To the extent a further response is required, the Defendant denies the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

192.     The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of Count Twenty-Two, paragraph one hundred ninety-two (192) and calls upon the Plaintiffs to prove the same.

193.     The Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of Count Twenty-Two, paragraph one hundred ninety-three (193) and calls upon the Plaintiffs to prove the same.

194.     The allegations of Count Twenty-Two, paragraph one hundred ninety-four (194) can neither be admitted nor denied as they state conclusions of law rather than factual assertions. To the extent that a response is required, the Defendant denies the allegations in this paragraph and calls upon the Plaintiffs to prove the same.

195.     This paragraph of the Complaint appears to be partially directed to a different party in this matter. As to the allegations directed to a different party, no response is required by the Defendant. To the extent that any of those allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied. As to the allegations directed to the Defendant, they are denied.

196.     This paragraph of the Complaint appears to be partially directed to a different party in this matter. As to the allegations directed to a different party, no response is required by the Defendant. To the extent that any of those allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied. As to the allegations directed to the Defendant, they are denied.

197.     This paragraph of the Complaint appears to be partially directed to a different party in this matter. As to the allegations directed to a different party, no response is required by the Defendant. To the extent that any of those allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied. As to the allegations directed to the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

### COUNT TWENTY-THREE: Loss of Consortium – Lordever Digan & Grace Digan v. WPI, Pi Tau Elders, Inc., Zeta Psi Franternity, Inc., Luxco, Inc. & Henry Pharris

198.     The Defendant realleges and incorporates his answers to paragraphs one (1) through one hundred ninety-seven (197) of this Answer.

199.     The allegations of Count Twenty-Three, paragraph one hundred ninety-nine (199) are not directed at this Defendant and a response is therefore not required. To the extent

any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

200.    The allegations of Count Twenty-Three, paragraph two hundred (200) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

201.    The allegations of Count Twenty-Three, paragraph two hundred one (201) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

202.    The allegations of Count Twenty-Three, paragraph two hundred two (202) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

203.    The allegations of Count Twenty-Three, paragraph two hundred three (203) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

204.    The allegations of Count Twenty-Three, paragraph two hundred four (204) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

205.    The allegations of Count Twenty-Three, paragraph two hundred five (205) are not directed at this Defendant and a response is therefore not required.  To the extent any of the allegations contained in this paragraph pertain to or bear on the ultimate liability of the Defendant, they are denied.

**WHEREFORE**, The Defendant, Ryan Addeche, demands the Plaintiffs' Complaint be denied and dismissed and the Defendant be awarded costs and fees.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

23

## SECOND AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third party for whose conduct the Defendant is not legally responsible.

## THIRD AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred pursuant to M.G.L. c. 231, § 85 because the negligence of the Plaintiffs is greater than the negligence of the Defendant.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff is guilty of contributory negligence and her damages, if any, recovered by the Plaintiff from the Defendant should be reduced in proportion to the said negligence of the Plaintiff in accordance with M.G.L. c. 231, § 85

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff cannot recover for the reason that she failed to give notice of the damages allegedly suffered by her to the Defendant as required by the statutes of the Commonwealth of Massachusetts.

## SIXTH AFFIRMATIVE DEFENSE

At the time of the alleged accident, the Plaintiff was guilty of a violation of law which contributed to the alleged accident.

## SEVENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged have been released.

## NINTH AFFIRMATIVE DEFENSE

The service of process in this action is insufficient.

## TENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the Plaintiff's failure to mitigate damages.

## DEFENDANT HEREBY DEMANDS A TRIAL BY JURY

Defendant,
Ryan Addeche,
By his attorney,

*/s/ William C. Cornish*

William C. Cornish, Esquire (#682194)
Davids & Cohen, P.C.
201 Hillside Road, Second Floor
Cranston, RI 02920
Tel: (401) 351-9970
Email: WCornish@Davids-Cohen.com

## CERTIFICATE OF SERVICE

I, William C. Cornish, hereby certify that on this 18th day of June, 2026, a true and correct copy of the foregoing was caused to be electronically filed with the United States District Court for the District of Massachusetts via the Court's Electronic Case Filing System (ECF) and that this document is available thereon for viewing and downloading.

*/s/ William C. Cornish*

25